UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERI JETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17 CV 2864 CDP |
| | ) |
| INTERFACE SECURITY SYSTEMS, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Cheri Jett, a pro se plaintiff, brings this employment discrimination action against her former employer, Interface Security Systems, under the Americans with Disabilities Act (ADA), 42 U.S.C. § 1201 et seq. Plaintiff alleges that her supervisor disclosed her medical condition in retaliation for a human resources investigation against him. She alleges that because of the disclosure of her medical condition she was forced to resign from Interface. Interface now moves for summary judgment, arguing that plaintiff has not proffered any evidence to support her claim. Further, Interface argues that even if evidence did support the claim, plaintiff has not made a prima facie case of discrimination because she is not truly disabled as defined by the ADA and her voluntary resignation was not a constructive discharge. For the reasons that follow, I will grant Interface's motion for summary judgment and dismiss this case in its entirety.

# Background[1]

Plaintiff was employed at Interface Security Systems from October 2015 to October 2016, and worked as an account maintenance representative. [ECF 27 at ¶ 2-3]. Andrew Scott was plaintiff's supervisor from November 2015 until her resignation. *Id*. at ¶ 4. In October 2016, plaintiff complained about a hostile work environment and harassment from her fellow employees, which led to a human resources investigation of the claims. *Id*. at ¶ 7-8. Plaintiff's medical condition was never discussed during the investigation. Interface concluded that there was no evidence of harassment and that the incident was the result of a misunderstanding of technical terminology and personality differences between employees. *Id*. at ¶ 9-10; ECF 27-1 at ¶ 9 and 16. Plaintiff never alleged any harassment on the basis of her medical condition, nor requested an accommodation because of her medical condition from Interface. [ECF 27 at ¶ 18-19]. When the human resources investigation concluded, plaintiff was moved to a new workstation so she could use her expertise to monitor alarm signals; however, she refused to work there, claiming it was cold. *Id*. at ¶ 13. On October 24, 2016, plaintiff sent an email voluntarily resigning her position, claiming that her resignation was because of "medical issues" and "a hostile work environment." *Id*.

---

[1] Plaintiff has failed to respond to defendant's statement of facts; therefore these facts are undisputed.

at ¶ 15-16. She attempted to return to the company one month after resigning. *Id.* at ¶ 23.

## Legal Standard

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). I must view the evidence in the light most favorable to the nonmoving party and accord her the benefit of all reasonable inferences. *Scott v. Harris,* 550 U.S. 372, 379 (2007). Where sufficient evidence exists to support a factual dispute, a jury must resolve the differing versions of truth at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is considered "material" if it "might affect the outcome of the suit under the governing law." *Id.*

Pro se representation does not excuse a party from complying with the Federal Rules of Civil Procedure. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir.1996). "Self-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r*, 614 F.3d 799, 807 (8th Cir. 2010). A party cannot rely on unsworn/unattested declarations or statements to support or oppose a motion for summary judgment.

*Banks v. Deere*, 829 F.3d 661, 667-68 (8th Cir. 2016). Therefore, I will not consider plaintiff's unsworn statements and allegations in determining defendant's motion.

## Discussion

In response to Interface's motion for summary judgment, plaintiff does not contravene any facts and fails to offer any evidence in support of her claim. Instead she merely recites the allegations of her complaint. Under Local Rule 7-4.01(E), all matters set forth in the movant's statement of facts are deemed admitted for the purposes of a summary judgment motion unless specifically contravened by the opposing party. Plaintiff has failed to oppose or deny the specific factual allegations, or provide any evidence to support her discrimination claim. Instead she offers documentation regarding medication related to her medical condition, hospitalization records demonstrating the mental strain of the alleged disclosure of her medical condition, counselor statements, and e-mails of her resignation. [ECF 30, 4-10]. None of plaintiff's statements and documents are sworn. *Banks*, 829 F.3d at 667-68. Because plaintiff has failed to offer any evidence in support of her position and she has failed to contravene defendant's material facts, the facts are considered undisputed. *See Odom v. Tripp*, 575 F. Supp. 1491, 1493 (E.D. Mo. 1983).

Even if there was a factual basis to support plaintiff's position, she has failed to make a prima facie case of discrimination. Plaintiff argues that the disclosure of her medical condition was a violation of the Health Insurance Portability and Accountability Act (HIPPA). [ECF 30]. However, HIPPA is not the governing law of this action and has nothing to do with the disposition of this case. Plaintiff has failed to make any cognizable legal arguments in support of her position even after this was explained to her during the Rule 16 Conference. While the Court is sympathetic to the plaintiff's medical condition and any stress this situation may have caused her, this does not entitle her to relief on accusations that are unsupported by evidence.

Absent direct evidence of discrimination, I must apply the *McDonnell Douglas*[2] burden-shifting analysis when analyzing plaintiff's claims of employment discrimination. *See Thompson v. Bi-State Dev. Agency*, 463 F.3d 821, 825 (8th Cir. 2006). Under this framework plaintiff must first establish a prima facie case of discrimination. If she meets this burden, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. If Interface meets this burden of production, plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant are not its true reasons, but are pretext for discrimination. *Id*.

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In order to establish a prima facie case of discrimination under the ADA, a plaintiff must establish that she (1) had a disability within the meaning of the ADA; (2) was qualified, with or without a reasonable accommodation, to perform the essential job functions of the position in question; and (3) suffered an adverse employment action because of her disability. *Rehrs v. Iams Co.*, 486 F.3d 353, 356 (8th Cir. 2007). A constructive discharge will suffice as an adverse employment action. *Thompson*, 463 F.3d at 825. Here, plaintiff has failed to establish that she is disabled within the meaning of the ADA and that she suffered an adverse employment action because of the disability at issue.

First, plaintiff has not demonstrated that she is disabled. A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Working is considered a major life activity. 42 U.S.C. § 12102(2)(A). Plaintiff has failed to present any evidence, or even any unsworn statements, demonstrating how her medical condition limits her ability to work, or limits any other major life activity defined in the subsection. In fact, plaintiff admitted that her medical condition does not interfere with daily living. [ECF 27-6]. Because there is no evidence that plaintiff is disabled by her medical condition, a claim of employment discrimination based upon her medical condition is not possible.

Second, plaintiff has failed to provide any basis for a constructive discharge, the only possible adverse employment action in this case. A constructive discharge occurs when an employer discriminates against an employee to the point that the working conditions become so unbearable that a reasonable person in the same position as the employee would feel compelled to resign. *Green v. Brennan*, 136 S. Ct. 1769, 1776 (2016), *quoting Pennsylvania State Police v. Suders,* 542 U.S. 129, 141 (2004). Reasonableness entails that an employee not to jump to conclusions too quickly and not to assume the worst. *Watson v. Heartland Health Labs., Inc.*, 790 F.3d 856, 863 (8th Cir. 2015). There are two elements to substantiate a constructive discharge claim. First, a plaintiff must prove that she was discriminated against to the point where she felt compelled to resign; and second, she must actually resign. *Green*, 136 S. Ct. at 1777. A constructive discharge claim requires "considerably more proof than an unpleasant and unprofessional environment." *Duncan v. Gen. Motors Corpo.*, 300 F.3d 928, 936 (8th Cir. 2002). Further, an employee cannot substantiate a claim for constructive discharge if the employee does not give the employer a reasonable chance to rectify the underlying claim. *Cosby v. Steak N Shake*, 804 F.3d 1242, 1246 (8th Cir. 2015).

Here, plaintiff offers no evidence to substantiate a claim that she was discriminated against so severely that the only was option to resign. *See*

7

*Thompson,* 463 F.3d at 825 (plaintiff failed to offer evidence of intolerable working conditions, thus summary judgment in favor of employer was proper). None of Interface's employees knew about plaintiff's medical condition. [ECF 27-1 at ¶ 24-29]. The only basis to support plaintiff's claim is a conversation that she alleges she overheard between her supervisor and another employee, and without any evidence to support this assertion it is impossible to discern how this can support a claim of a constructive discharge.

Even if this conversation took place, the conversation at issue cannot form the basis of a constructive discharge because plaintiff resigned before Interface could resolve the dispute. [ECF 27-4]. The lack of an ability to cure the alleged problem defeats a constructive discharge claim. *Thompson*, 463 F.3d at 825. Further, plaintiff's conduct was not reasonable because she immediately assumed the worst possible outcome and that the alleged disclosure would make her working conditions intolerable. Moreover, the only complaint plaintiff made about her working conditions was for a matter completely unrelated to her medical condition and Interface concluded that there were no allegations of harassment. [ECF 27 at ¶ 10]. Finally, plaintiff sought to return to work, thereby eliminating her claim that the Interface environment was intolerable. This precludes any claim of constructive discharge.

For these reasons, Interface is entitled to judgment as a matter of law as to plaintiff's claim of discrimination in violation of the Americans with Disabilities Act. Plaintiff has not offered any evidence in support of her claim and plaintiff is unable to articulate a prima facie case of discrimination.

Accordingly,

**IT IS HEREBY ORDERED** that Interface Security Systems' Motion for Summary Judgment [25] is granted and this action is dismissed with prejudice.

                                                                                  CATHERINE D. PERRY
                                                                                   UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2019.